UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SILVER STREAK INDUSTRIES, LLC,    )
                                  )
                  Plaintiff,      )
                                  )
        vs.                       )
                                  )    4:13-cv-00173-RLY-DML
SQUIRE BOONE CAVERNS, INC.,       )
                                  )
                  Defendant.      )

**ENTRY ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
DEFENDANT'S MOTION TO STRIKE**

Plaintiff, Silver Streak Industries, LLC ("Silver Streak"), created and sells the Ore

Car Display and Game Cards (hereafter the "Ore Car"). It received a copyright on this

three-dimensional sculpture in 1995. Silver Streak brought suit against Defendant,

Squire Boone Caverns, Inc. ("Squire Boone"), for infringing on this copyright. Squire

Boone has since redesigned its product. Nevertheless, Silver Streak argues that both the

initial product and redesigned product violate its copyright. Silver Streak moves for a

preliminary injunction against Squire Boone as to further infringement. For the reasons

set forth below, the motion is **DENIED**.

## I.    Background

Silver Streak, located in Tempe, Arizona, is a wholesale distributor specializing in

the sale of themed displays. (Amended Complaint ¶¶ 2, 9). In November of 1994, Silver

Streak, Inc., created the Ore Car. (*Id.* at ¶ 5). It received a Certificate of Registration

1

from the Registrar of Copyright on February 25, 1995. (*Id.* at ¶ 6). The copyright was then transferred on June 15, 1999, to the Plaintiff, Silver Streak, LLC. (*Id.* at ¶ 8).

In September 2013, Silver Streak's managing member, Mr. Mallon, became aware of Squire Boone's ore car at an exhibition in Las Vegas, Nevada. (Affidavit of Michael Mallon ("Mallon Aff.") ¶ 7). Silver Streak delivered a copyright infringement notice on that same day. (*Id.* at ¶ 9). Prior to the notice, Squire Boone had sold an ore car display to Six Flags and offered it to one of Silver Streak's largest customers "at a deeply discounted price." (*Id.* at ¶¶ 7,8). After the notice, Squire Boone responded that it did not believe it was infringing the copyright. Nevertheless, on October 3, 2013, it indicated that it would redesign its ore car to resemble the expired U.S. Design Patent No. 240, 544. (Letter dated October 3, 2013 to Mr. Hultstrand).

Silver Streak filed suit on October 29, 2013. It moved for a temporary restraining order, which this court denied due to an insufficient record on the alleged harm. (Docket # 21). Silver Streak then filed its Amended Complaint and the present motion seeking a preliminary injunction.

## II. Motion to Strike

Squire Boone also filed a motion to strike several portions of Silver Streak's reply brief in support of a preliminary injunction ("Reply Brief"). For the reasons explained below, the court **GRANTS in part** and **DENIES in part** that motion. (Docket # 30).

### A. Standard

New arguments and evidence may not be raised for the first time in a reply brief. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989). "Reply briefs are for

replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). However, a party may expand upon and clarify arguments in its reply brief. *See Ripberger v. Corizon, Inc.*, No. 1:11-cv-01394-TWP-MJD, 2012 WL 4340716, * 1 (S.D. Ind. Sept. 20, 2012). In addition this serves to prevent the nonmoving party from being sandbagged. *See Medical Assur. Co., Inc. v. Miller*, No. 4:08-cv-29, 2010 WL 2710607, * 4 (N.D. Ind. Jul. 7, 2010).

### B. Discussion

Squire Boone alleges that Silver Streak's argument concerning the infringement by the redesigned product was raised for the first time in the Reply Brief and thus should be stricken. Silver Streak contends that it has challenged both the initial and redesigned products from the outset, and thus its reply brief only clarified this argument. Squire Boone responds that the redesigned product has not clearly been at issue since Silver Streak failed to include an image of the redesigned product in its Amended Complaint and Motion for Preliminary Injunction. The court notes that Silver Streak did allege in an affidavit that the ore car displayed in November violated its copyright; however, for reasons unknown to the court, Silver Streak framed its allegations without distinguishing between the two products.

The court finds that Squire Boone was not sandbagged by Silver Streak's infringement analysis for the redesigned product as Squire Boone raised and addressed the redesigned product's alleged infringement in its Response Brief. In addition, Silver

Streak's analysis replied to that response. Therefore, the court denies the motion to strike the arguments concerning the redesigned ore car.

In addition, Squire Boone alleges that Silver Streak presents new evidence concerning irreparable harm, specifically what Mr. Mallon would testify to at a hearing such as Squire Boone offering an inferior product. The court notes that Local Rule 65-2 does not require the moving party to file a supporting brief; however, since Silver Streak chose to include certain types of harm and a supporting affidavit from Mr. Mallon, the court finds that it waived its ability to bring new theories of irreparable harm. Allowing Silver Streak to allege the inferiority of Squire Boone's products in the Reply Brief deprives Squire Boone of an opportunity to respond. Therefore, the court strikes the first paragraph of page 5 of the Reply Brief.

Further, Squire Boone alleges that Silver Streak presents new evidence in the form of three exhibits to balance the harms. The court finds that Silver Streak was replying to Squire Boone's response rather than submitting new evidence, and therefore, denies the motion to strike these exhibits.

### III. Entry on Preliminary Injunction

#### A. Standard

A preliminary injunction "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1085-86 (7th Cir. 2008) (citations omitted). The court analyzes a motion for a preliminary injunction "in two distinct phases: a threshold phase and a balancing phase." *Id.* Under the threshold phase for preliminary

injunctive relief, a plaintiff must establish – and has the ultimate burden of proving by a preponderance of the evidence – each of the following elements: "(1) it has no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied; and (2) there is some likelihood of success on the merits of the claim." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *see also Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1085-86.

"If the court determines that the moving party has failed to demonstrate any one of these [] threshold requirements, it must deny the injunction." *Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1085-86 (citation omitted). If, on the other hand, the court determines the moving party has satisfied the threshold phase, the court then proceeds to the balancing phase of the analysis. *Id.* The balancing phase requires the court to balance the harm to the moving party if the injunction is denied against the harm to the nonmoving party if the injunction is granted. *Id.* In so doing, the court utilizes what is known as the sliding scale approach; "the more likely the [movant] will succeed on the merits, the less the balance of irreparable harms need favor the [movant's] position." *Id.*

### B. Discussion

Silver Streak is in essence requesting two preliminary injunctions – one against the initial product and the second against the redesigned product. The court will begin by analyzing the threshold phase as applied to both designs.

### i.    Reasonable Likelihood of Success on the Merits

The moving party must show that is has a "better than negligible" chance of succeeding on the merits in order to satisfy the first element. *Art Line, Inc. v. Universal*

*Design Collections, Inc.*, 966 F. Supp. 737, 740 (N.D. Ill. 1997). Here, Silver Streak alleges copyright infringement which requires the plaintiff to prove (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the first requirement. 17 U.S.C. § 410(c). This can, however, be rebutted. Plaintiff included a copy of the certificate of registration (Amended Complaint, Exhibits A and B). Squire Boone attempts to show that it is not a valid copyright. First, Squire Boone argues that Silver Streak is attempting to copyright that which is not copyrightable - an idea or general concept. In support, Squire Boone notes that the functional elements of the Ore Car are not copyrightable.

"Copyright protection subsists . . . in original works of authorship fixed in any tangible medium or expression . . . ." 17 U.S.C. § 102(a). It does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery. . . ." 17 U.S.C. § 102(b). In addition, copyright protection is limited for "useful article[s]." A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The design of a three-dimensional work of art does not include the utilitarian aspects and a "useful article" will be considered part of the work "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.*

The court agrees with Squire Boone that the utilitarian aspects of the Ore Car are not part of the copyright. If Silver Streak sought to be the only company that could sell an ore car to display gemstones for purchase, it should have obtained a patent. The copyright only affords protection to the artistic elements of the Ore Car, not the purpose and function of it. Thus, the copyright does not extend to the use of the Ore Car as a display. In addition, the court notes that "when reproduction of a lifelike object is at issue, 'a copyright holder must then prove substantial similarity to those few aspects of the work that are expression not *required* by the idea.'" *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508 (7th Cir. 1994) (citing *Concrete Mash Co. v. Calssic Lawn Ornaments, Inc.*, 843 F.2d 600, 607 (1st Cir. 1988) (emphasis in original)).

Next, Squire Boone argues that none of the artistic portions of the Ore Car are original because they can be found in the expired patent. This argument, however, is flawed. Original in copyright law does not mean unique; rather it means "only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991) (noting that two poets, ignorant of the other, could write and copyright identical poems). There is no allegation nor evidence submitted to show that Silver Streak copied its Ore Car from the expired patent. Therefore, although it was not novel, it may have been original.

The court, therefore, finds that a valid copyright may have existed for purposes of a preliminary injunction. The copyright would cover the aspects not required by the idea,

such as the shape of the cart, the base on which it stood, and the placement and support of the sign.  It does not cover the functionality of the Ore Car.

Next, the court must determine if Squire Boone copied it.  Because there is usually no direct evidence of copying, it may be inferred when it is shown that "the defendant had access to the copyrighted work, and the accused work is substantially similar to the copyrighted work."  *Atari*, 672 F.2d at 614.  Two works are substantially similar when examined from the viewpoint of the ordinary observer.  More specifically, the test is "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value."  *Id.*  The court may only apply the test to the elements of the work that are protected by copyright, that is to the expression of the idea, not the idea itself.  *Id.*

The Ore Carts[1]



**Silver Streak's Deposit[2]**   **Squire Boone's Initial Design**   **Squire Boone's Redesign**

Squire Boone's Initial Design

Squire Boone, after being served with a copyright infringement notice, voluntarily redesigned its initial ore car product and stated to the court and Silver Streak that it will not produce, display, or sell its initial design. Because of this, Squire Boone argues that a preliminary injunction regarding its first design is moot. The court finds, however, that it is not moot. The voluntary cessation of an allegedly illegal activity does not automatically make the issue moot, because the party may begin the activity again. *See*

---

[1] The court notes that the submitted photos were not of high quality as evident in the smaller versions which it copied and pasted here.

[2] A deposit is "a copy of the work being registered and 'deposited' with the Copyright Office." UNITED STATES COPYRIGHT OFFICE, CIRCULAR 1: COPYRIGHT BASICS (2012), http://www.copyright.gov/circs/circ01.pdf.

*DeFunis v. Odegaar*, 416 U.S. 312, 318 (1974) (finding that a voluntary cessation does not make it moot unless there is no reasonable expectation that the wrong will be repeated); *see also Vincent v. City of Colleges of Chicago*, 485 F.3d 919, 925 (7th Cir. 2007); *see also Howw Mfg., Inc. v. Formac Inc.*, Nos. 78-c-5047, 78-c-5091, 1981 WL 48200, * 8 (N.D. Ill. Jul. 13, 1981) (finding that the voluntary cessation in a trademark suit did not make the matter of a preliminary injunction moot). Squire Boone has not met its burden to show that there is no reasonable likelihood that it will not resume the behavior. *See id.* As such, the issue is not moot.

The court notes the following similarities between Silver Streak's copyrighted Ore Car design and Squire Boone's initial design:

- A railroad track base extending slightly longer than the widest part of the cart
- A cart in the shape of an isosceles trapezoid, with the top wider than the bottom
- Two posts extending from the top of the cart – one on the left side and one on the right side
- A sign situated between the two posts and at the top of the posts

The two designs are remarkably similar.[3] There is a small difference in the placement of the signs. The deposit image shows the sign a few inches below the top of the posts, while Squire Boone's initial product's sign appears level with the top of the posts. With only this small difference, the court finds that an ordinary observer could find the

---

[3] Squire Boone asserts three differences in the designs. First, Squire Boone points to the different text printed on the signs. The court finds this to be unpersuasive. Second, Squire Boone points to a rectangular box below the sign. This box, however, is not apparent in the deposit, but rather is in the advertisement submitted with the original complaint. Because the box is not part of the deposit, the court will not consider it in the comparison. Finally, Squire Boone notes that it does not offer the game cards. Because these are not part of the deposit, the court will not consider them.

products to be substantially similar.  Therefore, Silver Streak has shown more than a negligible chance of success on the merits for copyright infringement regarding Squire Boone's initial product.

<u>The Redesigned Product</u>

Squire Boone's redesigned product is based off the expired U.S. Design Patent No. 240,544 (hereinafter "the '544 patent").[4]  As such, according to Squire Boone, it cannot infringe on Silver Streak's copyright.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003) (noting the right to make an article whose patent has expired in "precisely the shape it carried when patented" passes to the public).  Silver Streak responds that this is not a copy of the '544 patent because Squire Boone's copy is much larger than the miniature car in the '544 patent. The court, however need not consider this line of argument because, as explained below, the two are not substantially similar.

The court observes the following similarities between the Ore Car and the redesigned product:

- a railroad track base that is slightly longer than the widest part of the cart;
- a cart; and
- a sign with the company's name.

The court notes the following key differences in the designs:

---



[4]     The '544 patent, pictured here, is a miniature tramway car and platform.

11

- the redesigned cart is a rectangle as opposed to a trapezoid;
- the redesigned cart has a handle on one side;
- the redesigned cart has only one post which is located in the middle of the cart display rather than on the sides;
- the single post makes a T shape at the top with two lanterns hanging down; and
- the sign is sitting on top of the T shaped top.

Considering the many differences, the court finds that the ordinary observer would not find these two designs to be substantially similar. Here, the similarities come from the idea and not the expression. As indicated above, the idea is not protected by copyright. As such, Silver Streak has failed to show a likelihood of success on the merits for the second design.

### ii.     Adequate Remedy at Law and Irreparable Harm

Silver Streak must show by a preponderance of the evidence that it will suffer irreparable harm if the preliminary injunction is denied. *See Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1085-86. Irreparable harm is harm that is "not fully compensable or avoidable by the issuance of a final judgment (whether a damages judgment or a permanent injunction, or both) in the plaintiff's favor." *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013).

Silver Streak alleges that it will suffer irreparable harm because Squire Boone's alleged infringement damages Silver Streak's competitive market edge and "there is a danger it will continue to lose business." (Docket # 26 at 3). As support, Silver Streak alleges that Squire Boone has sold one of its initial products to Six Flags and offered to sell one to one of Silver Streak's largest customers. In addition, Squire Boone displayed

its redesigned product at the International Gift Exposition in Pigeon Forge, Tennessee on November 5-9, 2013, which allegedly shows that Squire Boone intends to do so in the future.

In response, Squire Boone states that "irreparable harm cannot be established solely on the fact of past infringement . . . ." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1214-1215 (C.D. Cal. 2007). In addition, Squire Boone asserts that the harm alleged by Silver Streak is speculative, and not real or imminent. *See Logansport Mach. Co. v. Neidlein-Spannzeuge GmbH*, No. 3:12-cv-233, 2012 WL 1877854, * 12 (N.D. Ind. May 22, 2012); *see also Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 536 F.2d 730, 736 (7th Cir. 1976). Squire Boone asserts that Silver Streak has an adequate remedy in monetary damages.

The court finds that Silver Streak has failed to meet its burden for both the initial and redesigned products. Silver Streak merely alleges that there will be irreparable harm and fails to provide any supporting facts or business models that would show a loss to its goodwill or competitive market edge. Should Silver Streak win on the merits, a permanent injunction at that time coupled with damages would suffice to remedy any lost sales. *See Kraft Foods Group Brands, LLC*, 735 F.3d at 740. Following discovery, Silver Streak will be able to ascertain how many of the allegedly infringing ore cars Squire Boone sold and can calculate a dollar figure for its lost profits from that number.

### iii. Balance of Harm

The court must deny the injunction based upon its above conclusions in the threshold phase, and thus it need not weigh the balance of harm. *See Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1085-86.

## IV. Conclusion

For the above reasons, the court **GRANTS in part and DENIES in part** Squire Boone's Motion to Strike (Docket # 30). In addition, the court finds that Silver Streak failed to satisfy the threshold phase for a preliminary injunction. Therefore, that motion (Docket # 25) is **DENIED**.

**SO ORDERED** this 21st day of January 2014.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to registered counsel of record.