UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SILVER STREAK INDUSTRIES, LLC,<br><br>Plaintiff/Counterdefendant.,<br><br>vs.<br><br>SQUIRE BOONE CAVERNS, INC.,<br><br>Defendant/Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:13-cv-00173-RLY-DML |

**ENTRY ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Silver Streak Industries, LLC ("Silver Streak"), created and sells the Ore Car Display and Game Cards (hereafter the "Ore Car"). It received a copyright on this three-dimensional sculpture in 1995. Silver Streak brought suit against Defendant, Squire Boone Caverns, Inc. ("Squire Boone"), for infringing on this copyright. Squire Boone has since redesigned its product. Nevertheless, Silver Streak argues that both the initial product and redesigned product violate its copyright. Along with its answer, Squire Boone filed a counterclaim against Silver Steak seeking declaratory judgment of copyright non-infringement, declaratory judgment of copyright invalidity, and declaratory judgment of no-tortious interference with contract. Squire Boone now moves for summary judgment on Count I of the First Amended Complaint (the redesigned product) and Count I of its counterclaim as to the redesigned product. For the reasons set forth below, the motion is **GRANTED**.

## I. Background

Silver Streak, located in Tempe, Arizona, is a wholesale distributor specializing in the sale of themed displays. (Amended Complaint ¶¶ 2, 9). In November of 1994, Silver Streak, Inc., created the Ore Car. (*Id.* at ¶ 5). It received a Certificate of Registration from the Registrar of Copyright on February 25, 1995. (*Id.* at ¶ 6). The copyright was then transferred on June 15, 1999, to the Plaintiff, Silver Streak, LLC. (*Id.* at ¶ 8).

In September 2013, Silver Streak's managing member, Mr. Mallon, became aware of Squire Boone's ore car at an exhibition in Las Vegas, Nevada. (Affidavit of Michael Mallon ("Mallon Aff.") ¶ 7). Silver Streak delivered a copyright infringement notice on that same day. (*Id.* at ¶ 9). Prior to the notice, Squire Boone had sold an ore car display to Six Flags and offered it to one of Silver Streak's largest customers "at a deeply discounted price." (*Id.* at ¶¶ 7,8). After the notice, Squire Boone responded that it did not believe it was infringing the copyright. Nevertheless, on October 3, 2013, it indicated that it would redesign its ore car to resemble the expired U.S. Design Patent No. 240,544. (Letter dated October 3, 2013 to Mr. Hultstrand).

Silver Streak filed suit on October 29, 2013. It moved for a temporary restraining order, which this court denied due to an insufficient record on the alleged harm. (Filing No. 21). Silver Streak then filed its Amended Complaint and a motion seeking a preliminary injunction, which the court denied. Squire Boone now moves for partial summary judgment concerning its redesigned product. The only issue before the court is whether there is substantial similarity between the two products.

## II. Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

"In a copyright infringement case where substantial similarity is an issue, and both works are in the record, the district court may apply the substantial similarity test and grant summary judgment." *Benchmark Homes, Inc. v. Legacy Home Builders, L.L.C.*, 8:03CV527, 2006 WL 994566 (D. Neb. Jan. 27, 2006) (citing *Nelson v. PRN Productions, Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989)). Nevertheless, summary judgment has traditionally been frowned upon because substantial similarity is typically a close question of fact. *Benchmark Homes, Inc. v. Legacy Home Builders, L.L.C.*, 8:03CV527, 2006 WL 994566 (D. Neb. Jan. 27, 2006) (citing *Atkins v. Fischer,* 331 F.3d 988, 994 (D.C. Cir. 2003). Summary judgment is "only appropriate 'if the works are so dissimilar as to protectable elements that no reasonable jury could find for the plaintiff on the question of substantial similarity.'" *Atkins v. Fisher*, 331 F.3d 988, 995 (D.C. Cir. 2003) (quoting *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1297(D.C. Cir. 2002));

*see also Francescatti v. Germanotta*, No. 11 CV 5270, 2014 WL 2767231, * 6 (N.D. Ill. June 17, 2014).

## III. Discussion

### A. Copyright Law Generally

Silver Streak by alleging copyright infringement must prove: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the first requirement. 17 U.S.C. § 410(c). This can, however, be rebutted. Plaintiff included a copy of the certificate of registration (Amended Complaint, Exhibits A and B). At this stage, Defendant is not contesting the validity of the copyright, but maintains the right to do so at a later stage.

Rather, the issue here revolves around the copying prong. Copying is inferred if the copyright holder demonstrates that the alleged infringer had access to the copyrighted work and that the accused product is substantially similar to the copyrightable aspects of the copyrighted work. *See JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). At this stage, without conceding the issue for trial, Squire Boone does not challenge the access prong, and instead, argues that there is not substantial similarity between the copyrightable elements of the ore cart and the redesigned product.

#### 1. Substantial Similarity

The test for substantial similarity is "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant

unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *JCW Incs., Inc. v. Virtual Techs., Inc.*, 482 F.3d 910, 916 (7th Cir. 2007) (quoting *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). In other words, as Judge Learned Hand stated, two works are substantially similar if "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (quoted in *Wildlife Express*, 18 F.3d at 509). "This test requires a side-by-side comparison of the works." *Bryant v. Gordon*, 483 F. Supp. 2d 605, 617 (N.D. Ill. 2007) (citing *Wildlife Express*, 18 F.3d. 502, 506 n. 1, 510 (7th Cir. 1994)).

**2. Protectable Elements**

In order to prevail, Silver Streak must show that the similarities involved protected expression. "If the only similarities between the [two works] arise from the fact that both works embody the abstract idea [], then there is an absence of *substantial* similarity and no infringement can result." *N. Am. Bear Co., Inc. v. Carson Pirie Scott & Co.*, No. 91 C 4550, 1991 WL 259031, * 2 (N.D. Ill. Nov. 27, 1991) (emphasis in original).

Copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery. . . ." 17 U.S.C. § 102(b). In addition, copyright protection is limited for "useful article[s]." A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The design of a three-dimensional work of art does not include the utilitarian aspects and a "useful article" will

be considered part of the work "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.*

**B. Application**

Silver Streak contends that Squire Boone's ore car may have some differences, as the court has previously noted, yet still infringes because the ordinary observer might overlook those differences. According to Silver Streak, the following elements of the redesigned product are protectable and substantially similar to its copyrighted Ore Car: (1) an ore car with the same dimensions in length, width, and height; (2) a metal ore car made of wood with a simulated aged rustic finish; (3) the same non-functional round wheels fastened to a rail; (4) the same metal rail tracks made of wood which extend slightly past the widest part of the car; (5) posts supporting a light box and custom signs; (6) the same large compartment in the center of the car that holds stones; and (7) twelve small item identification compartments labeled and covered with glass. Additionally, Silver Streak argues that differences regarding the shape of the car and the handle on the left side are simply small cosmetic differences that do not change the look to the ordinary observer.

To begin its analysis, the court finds it useful to identify the idea, which is not protected, and the expression of the idea, which can be protected. The idea behind Silver Streak's copyright is a life-size ore car used to display rocks/gem stones for purchase. Silver Streak's expression of this idea is a rustic finished, trapezoidal ore car sitting atop

a piece of railroad track and two rounded, wooden posts extending from the opposite sides of the top of the ore car holding a customizable sign in between the posts. The center of the ore car contains twelve slots to show case the type of gemstone. The court must determine if Silver Streak's expression of the idea of an ore car to display gemstone for purchase is substantially similar to Squire Boone's redesigned product. In order to evaluate the substantial similarity of the protected expressions, the court performs a side-by-side comparison of the products.



At first glance, the court does not believe a reasonable juror could find the two products to be substantially similar. Nevertheless, the court will analyze each element Silver Streak alleges is protected.

First, Silver Streak asserts that both ore cars have the same dimensions in length, width, and height. The court notes that there is no evidence before it showing the dimensions of either work. Nevertheless, the fact that Silver Streak made a life-like recreation is not original for purposes of copyright protection because they are necessarily copied from another ore car and thus, do not require creative effort.

Second, Silver Streak asserts that both ore cars are made of wood with a simulated aged, rustic finish. Although the interpretation of aged and rustic is subjective, the court disagrees that both ore cars have the same finish. Squire Boone's ore car has a smooth finish with silver trim and a sign in the middle of the car. Silver Streak's ore car, on the other hand, looks to be of weathered wood with a black stripe at the top and middle of the ore car. Therefore, the expression is not substantially similar.

Third, Silver Streak asserts that both have the same non-functional, round wheels fastened to a rail. Although both ore cars contain wheels (part of the idea as wheels are essential to the idea of a car) that are immobile, the expression of the wheels differ. The wheels on Silver Streak's ore car extend upward to overlap the sides of the body of the ore car; the wheels on Squire Boone's ore car are positioned below the body of the ore car. Additionally, the wheels on Squire Boone's ore car are connected by a horizontally extending side guard that partially blocks the view of the wheels; Silver Streak's wheels are unobstructed.

 

Squire Boone's Redesigned Product            Silver Streak's Ore Car

Fourth, Silver Streak asserts that both products use the same metal rail tracks made of wood which extend slightly past the widest part of the car. Squire Boone does not contest this argument.

Fifth, Silver Streak asserts that Squire Boone use of posts supporting a light box and custom signs also infringes its copyright. Squire Boone contends that the use of posts to support a light box and sign is not protectable, and furthermore, the expressions of the posts and sign are completely different from the redesigned product. The court agrees. For example, the redesigned product has one post located in the middle of the ore car and Silver Streak's has two posts extending from opposite sides. Additionally, the redesigned product makes a T-shape at the top with two lanterns hanging down; Silver Streak's product does not have either. Furthermore, the placement of the sign differs with Squire Boone's sign above the T-shaped beam and Silver Streak's sign extending between the two posts. Finally, Squire Boone's redesigned product has a rectangular sectional post while Silver Streak's posts are rounded. Therefore, the court cannot find that the expressions involved here are substantially similar.

 

Redesigned Product     Squire Boone's Product

Sixth, Silver Streak asserts that Squire Boone's redesigned product employs the use of the same large compartment in the center of the car that holds stones. The court agrees with Squire Boone that this element is not entitled to copyright protection – this is part of the idea, not the expression of the idea. Thus, Squire Boone does not violate Silver Streak's copyright by using a large compartment in the center of the ore car to hold stones. Additionally, this use is purely utilitarian and not subject to protection under the copyright. *See Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (noting that consistent with the Copyright Act, the protected portion of animal duffle bags was the animal heads and tails themselves and how they are placed on the duffle bags, not the idea of animal heads on duffle bags or duffle bags in general).

Finally, Silver Streak asserts that Squire Boone's ore car also has twelve small item identification compartments labeled and covered with glass. This is true; however, the placement of the twelve compartments differs with each product. Silver Streak's compartments line all four sides on the top of its ore car; Squire Boone's compartments line two parallel sides. Additionally, the court is not convinced that a compartment for viewing stones that is covered in glass is an expression warranting copyright protection.



The Redesigned Product Silver Streak's Ore Car

According to Silver Streak the differences noted above are simply cosmetic. On the other hand, Silver Streak alleges that changes such as using metal, plastic, or high density foam instead of wood, extending the ore car's base to allow for the wheels and rails to be painted on, or cutting the wheels and rails out of thin plastic and fastening them to the side like veneer would be sufficient changes as to not infringe on its copyright. This contention puzzles the court; Squire Boone's redesigned product contains more than mere cosmetic changes. Therefore, the court finds that the execution and combination of features on the ore cars would not lead an objective observer to think they are the same.

## IV. Conclusion

In conclusion the court notes that "[t]he primary objective of the Copyright Act, the promotion of the arts and sciences, 'is accomplished by 'assur[ing] authors the right to their original expression,' but also by 'encourag[ing] others to build freely upon the ideas and information conveyed by a work.'" *Wildlife Exp. Corp*, 18 F.3d at 507 (quoting *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1069 (7th Cir.1994) (quoting *Feist*, 499 U.S. at 349–50)). Squire Boone's redesigned product may have built upon Silver

Streak's idea; nevertheless, the redesigned product is not substantially similar in the expression of that idea. The court finds that no reasonable juror could conclude otherwise. Therefore, the court **GRANTS** Squire Boone's partial motion for summary judgment (Filing No. 48) and **DECLARES** that Squire Boone's redesigned product does not infringe upon Silver Streak's copyrighted ore car.

**SO ORDERED** this 19th day of November 2014.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.