UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SILVER STREAK INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| vs. ) | 4:13-cv-00173-RLY-DML |
| ) | |
| SQUIRE BOONE CAVERNS, INC., ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

**ENTRY ON DEFENDANT'S SECOND PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Silver Streak Industries, LLC ("Silver Streak"), created and sells the Ore Car Display and Game Cards (hereafter the "Ore Car"). It received a copyright on this three-dimensional sculpture in 1995. Silver Streak brought suit against Defendant, Squire Boone Caverns, Inc. ("Squire Boone"), for infringing on this copyright. Squire Boone filed a counterclaim against Silver Steak seeking declaratory judgment of copyright non-infringement. Squire Boone now moves for summary judgment on the claims concerning its discontinued product found in Counts I and II of the First Amended Complaint and Counts I and III of its counterclaim. For the reasons set forth below, the motion is **DENIED**.

**I.     Background**

Silver Streak, located in Tempe, Arizona, is a wholesale distributor specializing in the sale of themed displays. (Amended Complaint ¶¶ 2, 9). In November of 1994, Silver Streak, Inc., created the Ore Car. (*Id.* at ¶ 5). It received a Certificate of Registration

1

from the Registrar of Copyright on February 25, 1995. (*Id.* at ¶ 6). The copyright was then transferred on June 15, 1999, to the Plaintiff, Silver Streak, LLC. (*Id.* at ¶ 8).

In September 2013, Silver Streak's managing member, Mr. Mallon, became aware of Squire Boone's ore car at an exhibition in Las Vegas, Nevada. (Affidavit of Michael Mallon ("Mallon Aff.") ¶ 7). Silver Streak delivered a copyright infringement notice on that same day. (*Id.* at ¶ 9). Prior to the notice, Squire Boone had sold an ore car display to Six Flags and offered it to one of Silver Streak's largest customers "at a deeply discounted price." (*Id.* at ¶¶ 7, 8). After the notice, Squire Boone responded that it did not believe it was infringing the copyright. Nevertheless, on October 3, 2013, it indicated that it would redesign its ore car to resemble the expired U.S. Design Patent No. 240,544. (Letter dated October 3, 2013 to Mr. Hultstrand).

Silver Streak filed suit on October 29, 2013. It moved for a temporary restraining order, which this court denied due to an insufficient record on the alleged harm. (Filing No. 21). Silver Streak then filed its Amended Complaint and a motion seeking a preliminary injunction, which the court denied.[1] On November 19, 2014, the court granted summary judgment in favor of Squire Boone on the claims regarding the

---

[1] Silver Streak argues that the court is bound by its prior findings at the preliminary injunction stage. The court disagrees, and notes that the Seventh Circuit has instructed district courts to "be cautious in adopting findings and conclusions from the preliminary injunction stage in ruling on a motion for summary judgment." *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985). The court will not adopt its prior conclusions because they were based on the comparison of two photographs in black and white. At this stage, the court has two color photographs to examine which show more distinguishing features between the two products.

redesigned product. Squire Boone now moves for partial summary judgment concerning its discontinued product and Silver Streak's tortious interference with a contract claim.

## II. Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Discussion

### A. Copyright Infringement and Substantial Similarity

#### 1. Standard

Silver Streak, by alleging copyright infringement, must prove: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the first requirement. 17 U.S.C. § 410(c). This can, however, be rebutted. Silver Streak included a copy of the certificate of registration (Amended Complaint, Exhibits A and B). At this stage, Squire Boone is not contesting the validity of the copyright, but maintains the right to do so at a later stage.

3

Rather, the issue here revolves around the copying prong. Copying is inferred if the copyright holder demonstrates that the alleged infringer had access to the copyrighted work and that the accused product is substantially similar to the copyrightable aspects of the copyrighted work. *See JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). At this stage, without conceding the issue for trial, Squire Boone does not challenge the access prong, and instead, argues that there is not substantial similarity between the copyrightable elements of the ore cart and the redesigned product.

"In a copyright infringement case where substantial similarity is an issue, and both works are in the record, the district court may apply the substantial similarity test and grant summary judgment." *Benchmark Homes, Inc. v. Legacy Home Builders, L.L.C.*, 8:03CV527, 2006 WL 994566 (D. Neb. Jan. 27, 2006) (citing *Nelson v. PRN Productions, Inc.,* 873 F.2d 1141, 1143 (8th Cir. 1989)). Nevertheless, summary judgment has traditionally been frowned upon because substantial similarity is typically a close question of fact. *Benchmark Homes, Inc.* 2006 WL 994566 (citing *Atkins v. Fischer,* 331 F.3d 988, 994 (D.C. Cir. 2003). Summary judgment is "only appropriate 'if the works are so dissimilar as to protectable elements that no reasonable jury could find for the plaintiff on the question of substantial similarity.'" *Atkins v. Fisher*, 331 F.3d 988, 995 (D.C. Cir. 2003) (quoting *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1297(D.C. Cir. 2002)); *see also Francescatti v. Germanotta*, No. 11 CV 5270, 2014 WL 2767231, * 6 (N.D. Ill. June 17, 2014).

The test for substantial similarity is "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant

4

unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *JCW Invs., Inc.*, 482 F.3d at 916 (quoting *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). In other words, as Judge Learned Hand stated, two works are substantially similar if "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (quoted in *Wildlife Express*, 18 F.3d at 509). "This test requires a side-by-side comparison of the works." *Bryant v. Gordon*, 483 F. Supp. 2d 605, 617 (N.D. Ill. 2007) (citing *Wildlife Express*, 18 F.3d. 502, 506 n. 1, 510 (7th Cir. 1994)).

    2.  **Application**

In order to prevail on copyright infringement, Silver Streak must show that the similarities involved protected expression. "If the only similarities between the [two works] arise from the fact that both works embody the abstract idea [], then there is an absence of *substantial* similarity and no infringement can result." *N. Am. Bear Co., Inc. v. Carson Pirie Scott & Co.*, No. 91 C 4550, 1991 WL 259031, * 2 (N.D. Ill. Nov. 27, 1991) (emphasis in original).

 Copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery. . . ." 17 U.S.C. § 102(b). In addition, copyright protection is limited for "useful article[s]." A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The design of a three-dimensional work of art does not include the utilitarian aspects and a "useful article" will

5

be considered part of the work "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.*

The court will again begin its analysis with a side by side comparison of the two products. The court only has photographs and has not seen the actual products.



Silver Streak's Product     Squire Boone's Discontinued Product

The court previously held that the idea, which cannot be copyrighted, is a life-size ore car used to display rocks/gem stones for purchase, and the expression of that idea, which can be copyrighted, is a rustic finished, trapezoidal ore car sitting atop a piece of

6

railroad track and two rounded, wooden posts extending from the opposite sides of the top of the ore car holding a customizable sign in between the posts. The court must determine if an ordinary observer could find that the discontinued product is a copy of Silver Streak's product.

The key question is: "Are the works substantially similar beyond the fact that they depict the same idea?" *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 917 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010). In making this determination, there is no magic number of distinguishing features to prevent a finding of substantial similarity. Rather, the court must look through the eyes of an ordinary observer and look for the similarities, not the differences. *See Atari, Inc. v. N. American Philips Consumer Electronics Corp.*, 672 F.2d 607, 618 (7th Cir. 1982) (superseded by statute on other grounds). Here, the court is being asked to find that no reasonable juror could find the products to be substantially similar.

The court finds that an ordinary observer could find the overall look of the two products to be substantially similar. The products appear to have nearly the same shape and size. Further, the sign is supported in nearly identical ways and both ore cars sit on railroad tracks, which also are nearly the same length, judging by the photographs. Squire Boone includes "a laundry list" of differences; however, "although numerous differences may influence the impressions of the ordinary observer, slight differences between a protected work and an accused work will not preclude a finding of infringement where the works are substantially similar in other respects." *See* Atari, 672 F.2d at 618. For instance, an ordinary observer may not notice the protruding posts, the

flanged wheel, the allegedly larger wheels, or the railroad ties being black versus brown. These may be considered slight differences by a jury that do not preclude a finding of substantial similarity.

The main difference that an ordinary observer would notice between the products is the differing finish – smooth versus a weathered look. This difference, however, is similar to using a different color paint or using a different medium, which the Seventh Circuit has found to not be a significant enough difference to prevent a finding of substantial similarity. *See Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1094 n.6 (7th Cir. 1977) ("mere changes in the color scheme on the copied design would ordinarily not protect the defendant from a claim of infringement."). Additionally, an ordinary observer would likely notice the difference in the size of the plaque on the top sign. The court cannot find that these two differences are substantial enough to show that no reasonable person would find the products substantially similar. Furthermore, it is clear that more could have been done to differentiate the products, as Squire Boone did with its redesigned product. *See JCW Investments, Inc. v. Novelty, Inc.*, 482 F. 3d 910 (2007) (noting that defendant could and did in fact make a product using the same idea of a farting doll but with very different characteristics). As such, the court must deny summary judgment.

### B.  Tortious Interference with a Contract Discussion

In Count II, Silver Streak alleges that Squire Boone committed tortious interference with a contractual relationship by selling and attempting to sell its now discontinued product to one of Silver Streak's existing customers and other potential

customers. To recover for tortious interference with a contractual relationship, Silver Streak must show: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1235 (Ind. 1994).

Squire Boone asserts two arguments[2] in its motion for summary judgment: (1) the claim is reliant on a finding of copyright infringement and thus must fail, and (2) Silver Streak cannot prove the fourth element – the absence of justification. The first argument must fail because the court has found an issue of material fact regarding whether the two products are substantially similar. Thus, the court turns to the second argument.

Squire Boone argues that Silver Streak cannot prove the absence of justification because the two companies are direct competitors. Silver Streak responds that competition is not justification when the actor employs wrongful means. Indiana courts look to the Restatement (Second) of Torts for instruction on the issue of justification. Relying on the Restatement, courts have held, "if a defendant's 'purpose is at least in part to advance his interest in competing with the other' then there can be no 'absence of justification.'" *Smith v. Biomet, Inc.*, 384 F. Supp. 2d 1241, 1249 (N.D. Ind. 2005).

---

[2] In Squire Boone's reply brief, it raises the argument that Silver Streak fails to allege the existence of any valid contracts. The court will not consider this argument, because Squire Boone raised it for the first time in the reply brief. *See Mendez v. Perla Dental*, 646 F.3d 420, 242 (7th Cir. 2011) ("it is well-established that arguments raised for the first time in the reply brief are waived.").

9

Nevertheless, the Restatement and Indiana courts recognize that when wrongful means are employed in the competition, there may be an absence of justification. *See Rice v. Husley*, 829 N.E.2d 87, 91-92 (Ind. Ct. App. 2005).

Clearly, if Squire Boone violated Silver Streak's copyright, it employed wrongful means in competing with Silver Streak. Because the question of infringement is an issue for the jury to resolve, the court must also let a jury resolve this claim. Therefore, the court **DENIES** Squire Boone's motion for summary judgment on the tortious interference with a contract claim.

### IV. Conclusion

In conclusion, the court finds that Silver Streak's ore car and Squire Boone's discontinued product are not so dissimilar, when viewed as an ordinary observer, to grant summary judgment in favor of Squire Boone. Rather, this issue is one that should be resolved by the trier of fact. Because the court has found an issue of material fact on the infringement claim, it also finds an issue of material fact concerning the tortious interference claim. Therefore, the court **DENIES** Squire Boone's second motion for summary judgment on Counts I and II of the First Amended Complaint and on Counts I and III of the counterclaim (Filing No. 68).

**SO ORDERED** this 23rd day of June 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.